#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF TEXAS
#### HOUSTON DIVISION

| | |
|---|---|
| DENNIS ROHLOFF,<br>    PLAINTIFF, | |
| v. | Case No. 4:18-cv-3264 |
| CLARION RECOVERY SERVICE, LLC,<br>DANIEL SKOTARCZAK, individually, and<br>TANISHA SKOTARCZAK f/k/a TANISHA<br>CLINE, individually,<br>CAPITAL CURRENCY SOLUTIONS LLC,<br>STEPHEN SKOTARCZAK, individually,<br>    DEFENDANTS | |

## COMPLAINT AND JURY DEMAND

1. This action arises out of the conduct of Clarion Recovery Service, LLC ("Clarion"), Daniel Skotarczak ("Daniel Skotarczak"), Tanisha Skotarczak ("Tanisha Skotarczak"), Capital Currency Solutions LLC ("Capital") and Stephen Skotarczak ("Stephen Skotarczak"), in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Texas Finance Code § 392.001, et seq. ("TFC").

## JURISDICTION AND VENUE

2. Jurisdiction of this court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C § 1692k(d).

3. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Capital, Clarion and/or all other defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. The Plaintiff resides in this Judicial District.

**PARTIES**

6. Plaintiff, Dennis Rohloff ("Plaintiff"), is an adult individual residing in Harris County, Texas and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. Clarion is a New York entity with its principal offices located in the Buffalo, New York area.

8. Clarion is not registered to do business in the state of Texas, but can be served in accordance with Texas, New York or any other applicable law.

9. Clarion's website (www.clarionrecovery.com) is purposefully devoid of any substantive description of Clarion's services. However, the following language on its website does support Plaintiff's description below of Clarion as a debt collector:

   Specializing in **mediation between client and consumers**.

   Our agents handle the **mediation between client and consumer**, and they'll ensure that company budgets won't be constrained due to a financially toxic previous business relationship.

   (emphasis added)

10. The principal purpose of Clarion is the collection of debts using the mails and telephone and other means.

11. Clarion regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

12. Clarion is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

13. Capital is a New York entity operating from the Buffalo, New York area.

14. Capital is not registered to do business in Texas, but can be served as allowed by Texas, New York or any other law.

15. Capital's website (www.capitalcurrencysolutions.com/about) states that Capital is "a professional, full service billing and account receivables agency with experience and resources to increase efficiency and process payments quickly. We assist small and large agencies with payments they have recovered from their clients. Capital Currency Solutions utilizes some of the best software out to help with your invoicing and receivables management by implementing a step by step process in which customers are awarded better terms."

16. The principal purpose of Capital is the collection of debts using the mails and telephone and other means.

17. Capital regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

18. Capital is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

19. Daniel Skotarczak is a natural person who resides at 7424 Akron, Lockport, NY 14094.

20. Daniel Skotarczak is an owner and/or officer and/or director of Clarion.

21. Daniel Skotarczak actively manages Clarion and directs its company policies. Daniel Skotarczak directly or indirectly instructed the employees of Clarion to act in the manner they acted when attempting collections from Plaintiff as described in the paragraphs below.

22. Daniel Skotarczak regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

23. Daniel Skotarczak uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

24. Daniel Skotarczak is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a "third party debt collector" as that term is defined by FCCPA § 559.55(6).

25. Tanisha Skotarczak (f/k/a Tanisha Cline) is a natural person, residing at 5790 Strickler Rd, Clarence, NY 14031.

26. Tanisha Skotarczak is an owner and/or officer and/or director of Capital.

27. Tanisha Skotarczak actively manages Clarion and directs its company policies. Tanisha Skotarczak directly or indirectly instructed the employees of Clarion to act in the manner they acted when attempting collections from Plaintiff as described in the paragraphs below.

28. Tanisha Skotarczak regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

29. Tanisha Skotarczak uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

30. Tanisha Skotarczak is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a "third party debt collector" as that term is defined by FCCPA § 559.55(6).

31. Stephen Skotarczak is a natural person, residing at 5790 Strickler Rd, Clarence, NY 14031.

32. Stephen Skotarczak is the owner of Capital.

33. Stephen Skotarczak actively manages Capital and directs its company policies. Stephen Skotarczak had influence over the officers and/or directors and/or owners and/or employees of Clarion and directly or indirectly instructed the employees of Capital and/or Clarion to act in the manner they acted when attempting collections from Plaintiff as described in the paragraphs below.

34. Stephen Skotarczak regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

35. Stephen Skotarczak uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

36. Stephen Skotarczak is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

## FACTUAL ALLEGATIONS

37. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal loan account (hereinafter the "Account"). Specifically, the account is alleged to have been a personal loan that was borrowed and the funds spent on various personal effects. The money obtained from the loan was not spent for business or commercial purposes.

38. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

39. The Account allegedly went into default with the original creditor.

40. After the Account allegedly went into default, the Account was purchased by Capital.

41. After the Account allegedly went into default, the Account was placed with or otherwise transferred to Clarion and/or Daniel Skotarczak and/or Tanisha Skotarczak for collection.

42. Capital then coordinated with Clarion and/or Daniel Skotarczak and/or Tanisha Skotarczak to collect the account.

43. Plaintiff disputes the amount the defendants are or may be attempting to collect.

44. Plaintiff requests that the defendants cease all further communication on the Account.

45. Capital's collector(s) were employee(s) of Capital at all times mentioned herein.

46. Capital acted at all times mentioned herein through its employee(s) and/or Stephen Skotarczak.

47. Clarion's collector(s) were employee(s) of Clarion at all times mentioned herein.

48. Clarion acted at all times mentioned herein through its employee(s).

## COLLECTION EFFORTS BY CLARION

49. In the one year prior to the filing of this complaint Clarion left the following message on Plaintiff's voicemail:

    > This message is solely intended for Dennis Rohloff. My name is Sarah Johnson I am an independent process server out of Harris County with City Serve and I have been tasked with serving you legal documents that are attached to your name and social security number. Now, I will be making several attempts to serve you at your residence or place of employment tomorrow, March 20th, between three and five pm. if I have to serve you at your place of employment I will need a supervisor to sign off as a witness. If I am unable to reach you at either of these locations, this will be documented as a direct refusal to comply and you will miss a court date. At the time of service, please have at least one form of photo identification available, preferably your state issued driver license. If you have any further questions or concerns, prior to my arrival tomorrow, you may contact the filing party's office directly handling your case at 855-882-5429andrefer to your case number C as in Charlie V as in victor 59681. Dennis Rohloff, you have officially been notified and I will be out tomorrow between three and five pm so please plan accordingly.

50. At about the same time the above message was left, Plaintiff's boss received a similar communication from "Sarah Johnson" about Plaintiff's Account.

51. After receiving the above voicemail and the message from Plaintiff's boss regarding the call from "Sarah Johnson", Plaintiff called Clarion and was told:

    a) Clarion's employee used the name "George Maron" and identified as being with the "ADR department for Clarion Recovery Services."

    b) "It's been deemed cost productive to file suit by one of our clients known as Check N Go. It's in regards to the issuance of a bad check with the intent to defraud a financial institution as well as the breach of original contract."

    c) "They were unsuccessful in receiving their funds which has given our client the right to litigate and sue for three times the amount of the bad check. In this case the return check amount shows $1,288.63, so in county court the client will be seeking $3,865.89. There is also a thousand-dollar pre-approval fine once your

name is entered in the county court docket and any attorneys fees or court costs would be your responsibility."

d) Plaintiff was told he had two options. Specifically, Clarion said: "First option is direct refusal to comply. If you feel for any reason you're not responsible and you wish to dispute this in court you do have the right to do so but as previously stated if you're found responsible they'd be issuing a full judgment of $3,865.89. The second option shows a voluntary restitution. With that you are held liable for the current outstanding balance on the account which is $1,288.63. which releases you from any financial and legal liability as and you also wouldn't have to appear in county court."

e) "Your payments will reflect on your bank statements as Capital Currency Solutions."

f) "If for any reason your payments are reversed, declined or not posted, this could forward it back to the county for a solidified court date."

52. After being told this, Plaintiff set up payment arrangements and made at least one payment of $50 toward the past due balance.

53. Capital deducted $50 from Plaintiff's account.

54. In a second call to Clarion after doing some research into the validity of the Account, Plaintiff against spoke with "George Maron" who told Plaintiff:

a. "They sent this out to our agency because there was an arbitration clause in their contract which allows you to speak to a third-party mediator prior to going to court. That would be a breach of contract with Check N Go and our company if we were to have you deal directly with them. They outsourced to us because they weren't able to get in contact with you and they had expended all of their resources trying to get in contact. So, at this point they wouldn't be able to go through the details of that summons or the case with you. That's why they've outsourced to us."

b. "We can take always your card off file so you can dispute this thing to court…We're not here for your money. All funds are going to our client's third-party payment processing. We just wanted to see how you wanted to handle this case."

c. Maron denied that Clarion was a collection agency and said "as a mediation firm, all we're obligated to send, by law, is a payment arrangement document and a paid in full document."

    d. When Plaintiff refused to continue making payments after not being given information about the current creditor on the Account, Maron said to Plaintiff "Wish you the best of luck with the proceedings."

55. The communications described above contained many false, deceptive and misleading statements, including, but not limited to, the following:

    a. "Sarah Johnson" was not a "process server"

    b. "Sarah Johnson" was not trying to deliver "legal documents" to Plaintiff at home or at his place of employment.

    c. No lawsuit had been filed or imminently would be filed against him.

    d. There was no "issuance of a bad check with the intent to defraud a financial institution."

    e. The balance "George Maron" was attempting to collect was falsely inflated.

    f. The Account would not be forwarded "to the county" for a "solidified court date" if a payment was "reversed, declined or not posted."

    g. Clarion is a debt collector.

    h. Clarion was required to give Plaintiff more than "a payment arrangement document and a paid in full document" if requested by Plaintiff.

56. The false, deceptive and misleading statements described above were made for the purpose of causing fear that something bad was about to happen to Plaintiff, including the prosecution or the filing of a lawsuit, if the Account was not immediately repaid.

57. At the time the false, deceptive and misleading statements described above were made, neither Clarion, nor anyone on whose behalf Clarion was working had any intention of filing a lawsuit against Plaintiff on the Account.

58. All of the collection efforts combined would certainly cause the least sophisticated consumer to believe that Clarion had filed a lawsuit or immanently would file lawsuit against Plaintiff on the Account.

59. By communicating with Plaintiff's boss about the Account, Clarion caused Plaintiff embarrassment and humiliation.

60. During the first phone call with Plaintiff, Clarion did not provide the disclosures required by 15 U.S.C. § 1692g(a). Further, Clarion did not provide those disclosures in writing within five days of its first communication with Plaintiff.

61. During one or more communication(s) with Plaintiff within the one year prior to the filing of this complaint, Clarion failed to inform plaintiff that it was a debt collector and/or that Clarion was attempting to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

62. During one or more communication(s) with Plaintiff within the one year prior to the filing of this complaint, Clarion failed to provide meaningful disclosure of its identity to Plaintiff.

63. Clarion's purpose for communicating with Plaintiff was to attempt to collect the Account.

64. The telephone calls involving Plaintiff and Clarion each constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

65. The only reason that Clarion and/or representative(s), employee(s) and/or agent(s) of Clarion made telephone call(s) to the Plaintiff was to attempt to collect the Account.

66. The only reason that Clarion and/or representative(s), employee(s) and/or agent(s) of Clarion left message(s) for Plaintiff was to attempt to collect the Account.

67. The statements and actions of Clarion and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection.

68. All of the conduct by Clarion and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

69. Daniel Skotarczak and/or Tanisha Skotarczak, directly or indirectly, exerted influence over Clarion and caused or colluded with Clarion to act in the manner that it did with respect to Plaintiff.

70. Daniel Skotarczak and/or Tanisha Skotarczak knew that Clarion repeatedly or continuously engaged in collection practices as described above.

71. During all times pertinent hereto, Daniel Skotarczak and/or Tanisha Skotarczak (a) created the collection policies and procedures used by Clarion, and its respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of Clarion, (c) oversaw the application of the collection policies and procedures used by Clarion and its employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by Clarion and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by Clarion and its employees and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by Clarion and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

72. Stephen Skotarczak and/or Capital, directly or indirectly, exerted influence over Clarion and caused or colluded with Clarion to act in the manner that it did with respect to Plaintiff.

73. Stephen Skotarczak and/or Capital knew that Clarion repeatedly or continuously engaged in collection practices as described above.

74. During all times pertinent hereto, Stephen Skotarczak and/or Capital (a) created the collection policies and procedures used by Clarion, and its respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of Clarion, (c) oversaw the application of the collection policies and procedures used by Clarion and its employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by Clarion and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by Clarion and its employees and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by Clarion and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

**RESPONDEAT SUPERIOR**

75. The representative(s) and/or collector(s) at Clarion were employee(s) and/or agents of Clarion at all times mentioned herein.

76. The representative(s) and/or collector(s) at Clarion were acting within the course and/or scope of their employment at all times mentioned herein.

77. The representative(s) and/or collector(s) at Clarion were under the direct supervision and/or control of Daniel Skotarczak and/or Tanisha Skotarczak and/or Clarion at all times mentioned herein.

78. The actions of the representative(s) and/or collector(s) at Clarion are imputed to their employer, Daniel Skotarczak and/or Tanisha Skotarczak and/or Clarion.

79. Clarion acted at all times as an agent of Capital.

80. The actions of Clarion are imputed to Capital.

81. Capital and/or Stephen Skotarczak were aware of the collection methods and practices used by Clarion.

82. The representative(s) and/or collector(s) at Capital were employee(s) and/or agents of Capital at all times mentioned herein.

83. The representative(s) and/or collector(s) at Capital were acting within the course and/or scope of their employment at all times mentioned herein.

84. The representative(s) and/or collector(s) at Capital were under the direct supervision and/or control of Stephen Skotarczak and/or Capital at all times mentioned herein.

85. The actions of the representative(s) and/or collector(s) at Capital are imputed to their employer, Capital and/or Stephen Skotarczak.

**COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
BY CLARION RECOVERY SERVICE, LLC, DANIEL SKOTARCZAK,
TANISHA SKOTARCZAK f/k/a TANISHA CLINE,
CAPITAL CURRENCY SOLUTIONS LLC and STEPHEN SKOTARCZAK**

86. The previous paragraphs are incorporated into this Count as if set forth in full.

87. The act(s) and omission(s) of Clarion, Capital, Daniel Skotarczak, Tanisha Skotarczak, Stephen Skotarczak and their representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692d(1)&(2)&(5)&(6) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)& (11)&(14) and § 1692g(a).

88. Pursuant to 15 U.S.C. § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs from Clarion, Capital, Daniel Skotarczak, Tanisha Skotarczak, Stephen Skotarczak.

**COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE
BY CLARION RECOVERY SERVICE, LLC, DANIEL SKOTARCZAK,
TANISHA SKOTARCZAK f/k/a TANISHA CLINE,
CAPITAL CURRENCY SOLUTIONS LLC and STEPHEN SKOTARCZAK**

89. The previous paragraphs are incorporated into this Count as if set forth in full.

90. The act(s) and omission(s) of Clarion, Capital, Daniel Skotarczak, Tanisha Skotarczak, Stephen Skotarczak and their representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.101 and § 392.301(a)(2)&(6)&(7) and § 392.302(1) and § 392.304(a)(1)&(5)(A)&5(B)& (8)&(14)&(16)&(17)&(19).

91. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Clarion, Capital, Daniel Skotarczak, Tanisha Skotarczak, Stephen Skotarczak.

92. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Defendant Clarion, Capital, Daniel Skotarczak, Tanisha Skotarczak, Stephen Skotarczak enjoining them from future violations of the Texas Finance Code as described herein.

**COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY CLARION RECOVERY SERVICE, LLC, DANIEL SKOTARCZAK, TANISHA SKOTARCZAK f/k/a TANISHA CLINE, CAPITAL CURRENCY SOLUTIONS LLC and STEPHEN SKOTARCZAK**

93. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Clarion, Capital, Daniel Skotarczak, Tanisha Skotarczak, Stephen Skotarczak are liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).  Clarion, Capital, Daniel Skotarczak, Tanisha Skotarczak, Stephen Skotarczak intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

94. Plaintiff suffered actual damages from Clarion, Capital, Daniel Skotarczak, Tanisha Skotarczak, Stephen Skotarczak as a result of their collective and individual intrusion.

**EXEMPLARY DAMAGES**

95. Exemplary damages should be awarded against Clarion, Capital, Daniel Skotarczak, Tanisha Skotarczak, Stephen Skotarczak because the harm with respect to which Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by Clarion, Capital, Daniel Skotarczak, Tanisha Skotarczak, Stephen Skotarczak to cause substantial injury or harm to Plaintiff) and/or gross negligence (which means that DRS's actions and/or omissions (i) when viewed objectively from Clarion's, Daniel Skotarczak's, Tanisha Skotarczak's,

Capital's and/or Stephen Skotarczak's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that Clarion, Daniel Skotarczak, Tanisha Skotarczak, Capital and/or Stephen Skotarczak had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY TRIAL DEMAND

96. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

97. Judgment in favor of Plaintiff and against Clarion, Capital, Daniel Skotarczak, Tanisha Skotarczak, and Stephen Skotarczak, jointly and severally as follows:

   a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Statutory damages in the amount of $100 pursuant to Tex. Fin. Code §392.403;

   e. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

   f. An injunction permanently enjoining each, following trial of this cause, from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

   g. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

    h. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

    i. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    THE WOOD FIRM, PLLC

    /s/ Jeffrey D. Wood
    Jeffrey D. Wood, Esq.
    ArkBN: 2006164
    11610 Pleasant Ridge Rd.
    Suite 103, Box 208
    Little Rock, AR  72223
    TEL:  682-651-7599
    FAX:  888-598-9022
    EMAIL:  jeff@jeffwoodlaw.com
    Attorney for Plaintiff